Barker, P. J. (dissenting)
—By the interlocutory judgment it is ordered and adjudged, that the plaintiff recover of the defendant the value of the personal property in question. It also contains a provision referring it to a referee, who is therein named, for the purpose of taking proof of such value and to report the same to the court.
On the trial the defendant contended, in diminution of damages, that since the sale of the property by the defendant the plaintiff had regained complete and undisputed possession of the same, and was in the full use and enjoyment *553 thereof, in her own house, claiming the same as owner. In my opinion, the evidence tends to support this contention. The property in dispute consists of a piano, household furniture, beds and bedding, carpets, window curtains, table ware, pictures, china, and also the dresses, wraps, fur cloaks, bonnets and other garments, being part of the personal wardrobe of the plaintiff. All these articles had been in use by the plaintiff in her house in Toronto, up to the time they were shipped from that place, in the name of her husband, to the village of Orange, in the state of Hew Jersey, where the plaintiff and her husband intended to reside.
Immediately after the sale the goods were reshipped in the name of the husband, and in a few days thereafter the goods were delivered at the house in Orange, in which the plaintiff and her husband were living, the plaintiff being the owner thereof. On the subject of the receipt and delivery of the goods to the plaintiff, at her house, she, as a witness on the trial, testified, that, “the first car did not arrive in Orange, until May 18th, and the second car the 6th of July. When the first car came it was unloaded and put into the house I had built and occupied and we began living in the house. As far as I know the goods contained in the second car came in the same packages, done up substantially as they were when they left Toronto, and the packages had not been opened. There had been little portions broken off from the box. The packages were in the same condition so far as being opened, and as far as I observed, nothing of any value was gone. They were taken from the cars and put in the house there. I suppose Mr. Slover had them forwarded. I did not have any conversation with Slover on the subject. When the cars came there they were unloaded and their contents put into the house just as they had been before, and were placed about in different places in the house for use, and there they are to-day, every one of them, and since that time I and my family have been using them there just as we did in Toronto. There has been no interruption in the use and occupancy of those articles. I have paid nothing and have been asked to pay nothing for this property. I pay the taxes on the premises in Orange, and the deed is in my name. My husband and children reside there with me.” From this evidence the jury would have been justified in finding as a fact, that the plaintiff, before the action was commenced, had regained full and complete possession and use of the property for all the purposes for which it was adapted and without cost or expense to herself.
The daily use which the plaintiff made of the property amounted to an exercise as well as an assertion of dominion over the property from the time it was delivered in her *554 house, where she then resided. The plaintiff’s evidence is in effect an admission that she accepted the return of the goods and was, at the time of the trial, in the use of them as owner. Her possession of the goods was so complete that the removal of the same by any person from her house without her consent would amount to a trespass.
If the jury had found by their verdict the facts which the evidence tended to prove, then a case would have been made which would have entitled the defendant to a mitigation of the damages and the.plaintiff would not have been entitled to recover as matter of law the value of the goods as is now determined by the judgment. There is no dispute as to the rule of law applicable to the case, in view of the fact found by the jury, that the plaintiff was the owner of the goods at the time of the levy and sale. Before a wrong doer can claim mitigation of the damages for the conversion, in consequence of the return of the property, the owner must have accepted its return or assumed his dominion over it as owner. It is not necessary that the return of the property should be made by the hand or at the request of the wrongdoer himself. The latter may claim the benefit of the rule, if it be established as a matter of fact that the owner has regained possession of the property and asserts his title of ownership over the same, for he is in a position to defend his possession against all claimants who assert a title through or under the wrong-doer.
The defendant insists that by the rulings made at the trial he was deprived of the partial defense on which he relied, and which, as he contends, the evidence fully supported. Before the evidence was all produced it was stipulated by the parties that if it should become necessary to ascertain the value of the property the same should be determined on a reference to be had for that purpose. This was in effect a consent by the parties that the jury might and should render a special verdict on all the issues except the one relative to the value of the property, which it might or might not be necessary to determine, depending upon the facts found by the special verdict. After the evidence was all in the court framed two questions for the jury to pass upon, viz :
“First. Was the plaintiff at the time of the levy of the attachment and sale by the defendant, the owner of the goods and property mentioned in schedule A ?
“ Second. Did Hr. W. Gr. F. Slover buy this property at the sale by the defendant for the plaintiff ?”
Neither party objected to these questions, either to their form or substance. Thereupon the defendant’s counsel asked to go to the jury upon the question as to whether or not the goods were not actually in the possession of the *555 plaintiff, claiming, if that be true, the plaintiff cannot recover anything in this action except whatever damages she has sustained. by reason of the detention, and cannot recover the value of the property. The court declined to allow any other questions to go to the jury except the two as stated, to which the defendant’s counsel duly excepted. This exception, I think, was well taken, and unless it can be fairly held that the same was waived by the defendant, a new trial should be granted.
The exception is to the ruling of the court refusing to submit any other question to the jury for their verdict. This was in effect a ruling, that if the jury found the title to the property to be in the plaintiff, then she was entitled as matter of law to recover the value of the property, although she had regained full possession over the same and resumed her dominion over it as owner, and such is the effect of the judgment entered on the verdict. The trial was terminated without the jury being permitted to pass upon the questions connected with the re-delivery of the property to the plaintiff, and the nature and character of the plaintiff’s possession after such re-delivery.
As to the question whether the defendant waived his exception, I am unable to discover that he did by reason of anything that afterwards occurred on the trial. The charge to the jury is printed in full. In it the court made no reference whatever to the defendant’s contention that the plaintiff had regained possession of the property in accordance with her wishes, and for that reason the defendant was entitled to a diminution of damages.
At the conclusion of the charge there is an entry in the record stating that it is understood between the parties that whatever may be the answer of the jury to the questions propounded to them, that the case from this on be considered a case for the court.
In terms this stipulation does not waive any of the exceptions previously taken by the defendant, nor was it intended that such should be its effect. It was at most an assent or agreement by the respective parties, that the special verdict which the jury were directed to render should be treated as such, and the practice applicable to such cases should be observed by the parties in the subsequent proceedings. It cannot be reasonably said that by this arrangement the defendant consented to have the case disposed of upon the single question whether the plaintiff was or was not the owner of the property at the time of the levy and sale. The plaintiff has given a construction to the meaning of the arrangement by the further proceedings had in the action upon the rendering of the verdict.
As soon as the verdict was rendered and on the same *556 day the plaintiff entered the interlocutory judgment. The questions in issue, not embraced in the special verdict and which the court declined to submit to the jury, have never been disposed of in any manner. There is nothing in the mutual stipulations signed by the respective parties after the entry of the judgment, which bears upon the question of waiver. A special verdict is one by which the jury find the facts only, leaving it to the court to determine which party is entitled .to judgment thereon. Code of Civil Procedure, § 1186.
It is the rule where a special verdict is directed, that it must determine all the material issues of fact, so as to enable the court to give judgment upon the entire case, and if it fails to do this it is defective and should be set aside for that reason and a new trial ordered. The court cannot add any facts to the verdict.
In his answer the defendant did not set up the return of the property to the plaintiff, with a view to dimishing the amount of the recovery, but as no objection was taken on the trial to the reception of the evidence bearing on that question, the objection cannot be made on this appeal that the matter should have been pleaded.
The judgment and order should both be reversed and a new trial granted. _